Ira G. Greenberg
LOCKE LORD LLP
Attorneys for Defendant White Fox
    Ventures
200 Vesey Street, suite 2001
New York, NY  10281
212.415.8600
Ira.greenberg@lockelord.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BREATHE LLC, et al.,

        Plaintiffs,            No. 17 Civ. 367 (VM)

        Versus

WHITE FOX VENTURES, INC., et al.,

        Defendants.

------------------------------------------------------------x

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PARTIAL SUMMARY JUDGMENT FOR DEFENDANT WHITE FOX VENTURES

        Plaintiffs Breathe LLC and Tyler Glover are not entitled to summary judgment just because they say that they are right, especially when, as here, defendant White Fox Ventures, Inc. has not had the opportunity to take discovery and lacks access to most of the relevant information.  However, the moving papers themselves, and especially the amended complaint and the contract that is annexed to it [Dkt. 8], establish that, when the Court searches the record, as it must on a motion for summary judgment, Fed. R. Civ. P. 56(f)(1); see 10A C. Wright, A. Miller & M. Kane, Federal

1

Practice and Procedure § 2720.1, at 366 (2016), it is White Fox Ventures that is entitled to partial summary judgment on a good part of the case.

## ARGUMENT

### POINT I

### PLAINTIFF TYLER GLOVER DOES NOT STATE A CLAIM.

The amended complaint sounds in contract. Plaintiff Tyler Glover is a party to the settlement agreement, exhibit 2 to the amended complaint, but the only thing that he, as opposed to Breathe, obtained under the settlement agreement is a release. Settlement Agreement § 15. There is no allegation that White Fox Ventures violated that release. The Court should therefore dismiss this action insofar as brought by Glover.

### POINT II

### THE "LIQUIDATED DAMAGES" PROVISION IS INVALID.

The provision that the contract characterizes as one for liquidated damages is in actuality one that imposes a penalty. Accordingly, it is unenforceable. See, e.g., JMD Holding Corp. v. Congress Fin. Corp., 4 N.Y.3d 373 (2005); Bates Advertising USA, Inc. v. 498 Seventh, LLC, 7 N.Y.3d 115 (2006). Those cases also make clear that whether a clause is an unenforceable penalty is one of law for the Court.

An enforceable liquidated damages provision must be "an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of the breach of the agreement." Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc., 41 N.Y.2d 420 (1977). This provision does nothing of

the kind. It provides that White Fox Ventures' breach of the settlement agreement in any way requires it to pay damages of $150,000. Not only is there no correlation that can be made to the various ways in which White Fox Ventures allegedly might violate the agreement, but the settlement agreement itself characterizes the $150,000 as deriving not from an estimate of likely damages for breach of this agreement, but rather as being the amount of legal fees paid in an earlier, entirely separate trademark litigation. Settlement Agreement § 9.

One of the alleged breaches of the settlement agreement illustrates this point quite clearly. Breathe complains that White Fox Ventures did not account to it for sales during the permitted selloff period. Amended Complaint ¶ 8; see Settlement Agreement § 3. If the alleged breach was the failure to provide a written accounting irrespective of the amount owed, then it is undoubtedly a penalty. There is no correlation between any foreseeable damages from not having the pieces of paper and $150,000. If, on the other hand, the accounting refers to payment for amounts sold, then there is no need for a liquidated damages provision at all, because the amount of sales would necessarily imply the amount of damages in view of the provision that says Breathe is entitled to fifty percent of the sales proceeds. Settlement Agreement § 3. Concomitantly, White Fox Ventures would owe Breathe $150,000 even if it sold only $5 worth of merchandise – an unconscionable result that the law does not permit. See Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc., 41 N.Y.2d 420 (1977) (unconscionable results not permitted); Estate of Arena v. Abbott & Cobb, Inc., 158 A.D.2d 926 (4th Dep't 1990) (unconscionability a question of law for court).

In essence, then, Breathe seeks to recover not liquidated damages but rather an unenforceable penalty. See, e.g., BDO Seidman v. Hirshberg, 93 N.Y.2d 382 (1999). The request for damages in the amount found in and based on the "liquidated damages" provision should therefore be stricken.

### POINT III

### GENUINE ISSUES OF MATERIAL FACT OR, IN THE ALTERNATIVE, THE LACK OF THE OPPORTUNITY TO TAKE DISCOVERY PRECLUDES JUDGMENT IN BREATHE'S FAVOR.[1]

#### A. Breathe's Performance

Breathe bears the burden of proving its own performance. See, e.g., NYPJI 4:1. The complaint's pleading of performance in general terms of course does not control on a summary judgment motion. See, e.g., 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2712, at 239 (2016).

In particular, section 4 of the settlement agreement in terms required Breathe to cooperate in the sale of the goods.

> ECigs Corp[.] ('Corp.") [the predecessor of White Fox Ventures] Breathe agree to jointly sell Corp's remaining inventory held at Ritway over the next 12 months as stipulated in [this] settlement agreement. . . . At the end of 12 months, also known as "the joint inventory sales effort," Breathe ECig Corp[.] acknowledges that it will be completely removed from the ECIG marketplace.

While the settlement agreement is not a model of clarity, the use of the phrase "joint inventory sales effort" makes clear that the required sales effort was not to be White Fox Ventures' alone, and the last sentence quoted shows that the objective of the section was to remove White Fox Ventures from the marketplace for electronic cigarettes, with

---

[1] This memorandum addresses only the claims discussed in Breathe's motion and brief.

4

a selloff right for White Fox Ventures' benefit if it chose to avail itself of the opportunity provided.

The complaint does not allege that Breathe participated in that joint effort. To the contrary, Breathe's affiants' statements that Breathe had no such obligation, Shaw Aff. ¶ 12; Glover Aff. ¶ 10, not only are entitled to no weight in the face of this provision but confirm that no such joint efforts in fact took place. See also Greenberg Decl. exh. 1 (Form 8K that White Fox Ventures' previous management filed in March, 2016, says, "The inventory sale shall be a joint effort by the two Companies"); id. exh. 2 (Form 10Q that the company filed for the quarter ended Sept. 30, 2016, reports, "The Company does not expect to sell the remaining inventory and has fully impaired the asset as of September 30, 2016").

    B.  No Breach of the Provision Relating to an Accounting

There is at least a genuine issue of fact about whether there was a breach of the provision for an accounting. Settlement Agreement §§ 3-4 provide that White Fox Ventures is to account to Breathe every two weeks during the selloff period, after which it "shall destroy its remaining product." There is no allegation that White Fox Ventures failed to destroy its remaining product. To the contrary, see Greenberg Declaration exh. 3. There was no occasion to account either, because White Fox Ventures never sold any product. Id.; accord, Shaw Aff. ¶ 12. Even if the provision were read to relate to accounting on paper for sales made during the year, it is at least a plausible reading of the agreement that no such accounting would be required if there were no such sales. Under the circumstances, then, summary judgment does not lie in Breathe's favor on this alleged breach even putting aside Breathe's own failure to perform.

5

### C. No Breach of the Provision Relating to the Website

White Fox Ventures has no desire to have an e-cigarette website, as it had purchased the corporation as a shell to be used to conduct a completely unrelated business in Japan. Greenberg Decl. exh. 2 ("The Company currently conducts all of its transactional operational activity through [a] subsidiary, which plans, manages and promotes seminars and classes in Japan"). It has been unable to transfer the website as the settlement agreement had originally contemplated because of disputes with a former chief executive officer, Joshua Kimmel. See Shaw Aff. ¶ 13. Mr. Shaw says, however, that he had "consummated an alternative plan in the event that Joshua Kimmel were to continue to ignore the Company's request for the domain name to be handed over to Breathe." Id. ¶ 13 & exh. A. Accordingly, as modified there was no breach of this provision.

### D. No Breach of the Provision Relating to Stock Transfer

Breathe acknowledges that White Fox Ventures assigned stock as it had promised, but adds that "several months eclipsed [sic] and [White Fox Ventures] was in breach of the Settlement Agreement." The settlement agreement itself did not make time of the essence on this transfer, and there is no reason to think that Breathe suffered as a result of the delay of a few months. If Breathe had wanted to make time of the essence, it was obliged to tell White Fox Ventures in clear and unequivocal terms. See, e.g., Nehmadi v. Davis, 63 A.D.3d 1125 (2d Dep't 2009). Thus, White Fox Ventures cannot be held to be in breach of this provision.

### E.  Waiver and Similar Doctrines

Breathe commenced this action on January 18, 2017. The settlement agreement (§ 2) provides for the immediate assignment of the domain name and for the assignment of the stock by a specified date (§ 6). Yet Breathe provided no notice of breach to the White & Case attorney designated in the settlement agreement as White Fox Ventures' agent for receiving such notice. Settlement Agreement § 12. Breathe seeks to excuse this lapse by saying that defendant Seth Shaw had approved notifying him instead of White Fox Ventures. See Shaw Aff. ¶ 8. There are two problems with this argument: first, the settlement agreement does not permit such a modification without a writing signed by all parties, Settlement Agreement § 16; and second, Mr. Shaw also avers that the only communication with him about any alleged breach was in his personal capacity, as he was no longer affiliated with White Fox Ventures, Shaw Aff. ¶ 11.

In the meantime, White Fox Ventures was sold, and the new owners began to take it into a different line of business, largely ignorant of the settlement agreement, let alone of its alleged breach. The company also dealt with, rather than continuing to store, the inventory.[2] One or more of the doctrines of laches, estoppel, waiver, and ratification should prevail on the facts as currently known to White Fox Ventures. See, e.g., Allen v. Kowalewski, 239 A.D.2d 879 (4th Dep't 1997) (waiver doctrine applies to obligations subject to time of the essence constraints).

---

[2] White Fox Ventures continued to warehouse the inventory when it discovered that previous management had not paid the warehouse company for warehousing and destruction fees. Ultimately, it paid the warehouse (Ritway) $25,000.

### F.     White Fox Ventures' Lack of Opportunity to Take Discovery

The motion comes before there has even been a scheduling conference. White Fox Ventures has been able to take no discovery. In the ordinary case that inability might not be a problem. In this case it is one. The current majority owners of White Fox Ventures bought it in May, 2016, as a shell with, so they thought, no assets, liabilities, or operations with the intention of merging their existing business into it in order to be able to conduct their Japanese business through an SEC-registered and public reporting company in the United States. At no time since the purchase has White Fox Ventures been engaged in the e-cigarette business or any allied field. It was only recently learned of any number of claims back and forth for which White Fox Ventures has been asserted to be liable. White Fox Ventures has very few files pertaining to its predecessor and no employees with knowledge of the company's institutional history. A requirement that White Fox Ventures defend this claim without discovery is fundamentally unfair, as the Federal Rules recognize. Fed. R. Civ. P. 56(d); Greenberg Decl. ¶ 2.

## CONCLUSION

Plaintiff Tyler Glover's complaint should be dismissed, Breathe's prayer for liquidated damages should be stricken, and its motion for summary judgment should be denied.

Dated: New York, NY
       May 26, 2017

>                          Respectfully submitted,
>
>                          */s/ Ira G. Greenberg*
>                          Ira G. Greenberg
>                          LOCKE LORD LLP
>                          Attorneys for Defendant White Fox
>                              Ventures
>                          200 Vesey Street, suite 2001
>                          New York, NY  10281
>                          212.415.8600
>                          Ira.greenberg@lockelord.com