# EXHIBIT A

UNITED STATES SOUTHERN DISTRICT COURT
OF NEW YORK

| | |
|---|---|
| BREATHE LLC, TYLER GLOVER and VESSLAR GLOBAL PARTNERS LLC<br>Plaintiffs<br><br>v.<br><br>WHITE FOX VENTURES, INC. SETH SHAW AND METRO TABLET, INC.<br>Defendants | ) Civil Action No.<br>)<br>)<br>) 1:17-cv-00367-VM<br>) SECOND<br>) AMENDED<br>) COMPLAINT<br>)<br>)<br>)<br>) |

**PARTIES**

1.      Breathe LLC ("Breathe") is a Florida entity and has a business address at 1400 Mount Jefferson Road, Suite 7, West Jefferson, NC 28694.

2.      Tyler Glover ("Glover") is the sole member of Breathe and Vesslar Global Partners LLC ("Vesslar") and has a business address of 1400 Mount Jefferson Road, Suite 7, West Jefferson, NC, 28694. Glover presently resides in North Carolina.

3.      White Fox Ventures, Inc., 387 Park Ave S Fl. 5, New York, NY 10016 ("Fox" "Defendant").  Fox is the successor in interest to Breathe E Cigs Corp ("Corp." or "Defendant"). See Exhibit 1. The Defendant changed its name.

4.     Seth Shaw ("Shaw" or "Defendant") in the Chief Financial Officer of Fox and has a business address at 387 Park Ave. S Fl. 5, New York, NY 10016.

5.     Metro Tablet, Inc. is a New York entity w ("Metro")  and the registered agent for Metro is the United States Corporation Agents, Inc, 7014 13th Ave., Suite 202, Brooklyn, New York, 11228.

## JURISDICTION

6.     Jurisdiction is predicated on diversity jurisdiction. Defendants purposefully availed itself of the privilege of conducting activities in the state of New York and has established minimum contacts sufficient to confer jurisdiction over said Defendants. This action is related to United States District Court, Southern District of New York, Case No.  2015-06403, <u>Breathe LLC v. Breathe ECigs Corp, et al</u>.  The assumption of jurisdiction will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. The amount in controversy exceeds One Hundred Thousand Dollars ($100,000.00).

## FACTS

7.     On or about August 2015,   Breathe filed a Petition in the United States District Court, Southern District of New York, Case No.  2015-06403, asserting claims against  The Defendants.  The matter was settled in March 2016.

8.     In the Settlement Agreement, Corp. agreed to immediately assign its domain name to Breathe LLC. This has not occurred.

9.      Corp. also had a period of twelve (12) months until March 29, 2017 to sell off its existing inventory.  All proceeds shall be split 50/50 between Corp. and Breathe LLC associated with the sell off.  Corp. shall account to Breathe LLC every two weeks during the sell off period.  The accounting has not occurred. Furthermore, Fox maintained over Five Hundred Thousand Dollars ($500,000.00) in inventory as discovered in October 2017, far more than the amount initially reported to the Plaintiffs.  Fox failed to use good faith efforts in its attempts the sell the inventory. Fox destroyed the inventory early, on or about March 6, 2017 in violation of the contract.

10.     Fox was also to assign stock to Plaintiffs[1] which eventually occurred, however several months eclipsed and Corp was in breach of the Settlement Agreement.

11.     Fox also agreed that if it breached the Settlement Agreement. It would pay the Plaintiffs. One Hundred and Fifty Thousand Dollars ($150,000.00).   The language at paragraph nine (9) of the Settlement Agreement reads as follows:

> If ECigs or Seth Shaw, their agents, affiliates or assignees
> breaches this contract, ECigs or its  affiliates or assignees
> shall pay the legal fees of Breathe LLC in the amount of
> One Hundred and Fifty Thousand Dollars ($150,000.00).

12.     In November 2016, the Defendants were notified of the violation of the Settlement Agreement. The Defendants have failed to make payment pursuant to the Settlement Agreement. Also in April 2017, Fox was notified of additional breaches associated with Plaintiffs ability to sell its stock.

---

[1] The White Fox Ventures Stock due to the Plaintiffs were issued in the name of Vesslar, another entity owed by Glover at Glover's request.

13. The defendants executed the Settlement Agreement and is responsible for the debt.

14. Fox affiliate/agent/assignee Metro was notified via email on April 13, 2017 and its counsel was notified via email of April 25, 2017 and registered mail on April 27, 2017. Metro has liability.

15. Plaintiffs have performed its obligations under the Settlement Agreement.

16. Also in April 2017, Vesslar sought to sell its shares of Fox. Vesslar's shares are pursuant to the Settlement Agreement, and were unrestricted when Vesslar attempted to sell the shares. Fox shares were selling at twelve cents ($.12) in early April 2017 and maintained Fifty Million (50,000,000) shares that may be subject to 100-1 reverse split.

17. Fox breached the agreement and engaged in corporate actions that blocked Vesslar from selling its stock. On April 26, 2017, Fox stock was selling at six cents ($.06) and Plaintiffs remain unable to sell the stock due to Fox's continued efforts to block Plaintiffs sale and due to Fox's failure to comply with rules of the United States Security and Exchange Commission ("SEC").

18. On April 12, 2017, Fox informed Plaintiffs of its failure to file documentation with the SEC that was necessary to allow the Plaintiffs' to sell its stock in Fox. Due to Fox's breach, Plaintiffs have been harmed in an amount in excess of Fifty-Thousand Dollars ($50,000.00).

19. In April 2017, Fox informed the Plaintiffs that the Fox stock could not be sold because Fox failed to fully report to the SEC. Subsequently in June 2017, Fox terminated its obligations to report to the SEC furthering hindering Plaintiffs ability to sell the Fox stock and harming the Plaintiffs and its assignees.

### COUNT I-Breach of Contract

20. Plaintiffs re-alleges paragraphs 1-19 above.

21. The parties have an enforceable contract.

22. The Defendants breached the contract by (1) failing to assign the domain name to Plaintiffs which cost the Plaintiffs' customers and potential earnings (2) failing to sell the inventory and destroying the inventory during the contract and by failing to account to Plaintiffs (3) hindering Plaintiffs and its assignees ability to sale Fox stock in 2017.

23. The Plaintiffs have performed the contract.

24. The Defendants have damaged the Plaintiffs' and cost the Plaintiffs customers by failing to assign the domain name.

25. The Defendants have damaged the Plaintiffs by not attempting to sell the inventory in good faith and destroying in excess of Five Hundred Thousand Dollars ($500,000.00) of inventory prior to the expiration of the contract, in March 2017.

26. The Defendants have damaged the Plaintiffs by engaging in actions that hindered Plaintiffs' ability to sell its Fox stock.

27.     Plaintiffs are entitled to liquidated damages or actual damages due to the Defendants' breaches.

### COUNT II-Violation of Section 10(b) of the Exchange
### Act and Rule 10b-5-Agaisnt White Fox Ventures, Inc.

28.     Plaintiffs repeat allegations 1-27 above.

29.     Pursuant to Rule 10b-5, it is unlawful to directly or indirectly:

(1)     employ any device, scheme, or artifice to defraud;

(2)     make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3)     To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

30.     Fox informed Plaintiffs in April 2017 that the Fox securities/stock could not be sold without Fox fully reporting to the SEC and hindered the Plaintiffs and its assignees in their ability to sell the Fox securities.

31.     In June 2017, Fox then "went dark" and terminated its obligations to report the SEC.

32.     Fox's representatives knew that their statements and representations to the Plaintiffs were false or misleading when Fox made those statements and representations.

33.     Fox also did not want a large volume of securities/shares to be available in the open market, knowing in April 2017 that Fox intended to cease its SEC reporting obligations in June 2017.

34.     Fox attempted to manipulate the value of its securities by doing a reverse stock split and then by "going dark" in June 2017.

35.     Fox's actions harmed the value of the securities/stock and limited the manner in which Plaintiffs and it assignees could sell the stock.

36.     A misrepresentation is defined as a statement which conveys a false impression to a reasonable investor. A half-truth is a statement which accurately discloses some facts but misleads the listener or reader by concealing other data necessary for a true understanding. One example of a half-truth is a statement that the value of a company's inventory increased without disclosure that the increase arose from an arbitrary revaluation.  <u>Bowman & Bourdon, Inc. v. Rohr</u>, 296 F. Supp. 847, 851 (D. M1ass.), aff'd per curiam, 417 F.2d 780 (1st Cir. 1969). A sampling of other half-truth cases would include <u>SEC v. North Am. Research & Dev. Corp.</u>, 424 F.2d 63, 77 (2d Cir. 1970); <u>SEC v. Great Am. Indus., Inc.</u>, 407 F.2d 453, 461 (2d Cir. 1968), cert. denied, 395 U.S. 920 (1969); <u>Butler Aviation Int'l, Inc. v. Comprehensive Designers, Inc.</u>, 307 F. Supp. 910, 913-14 (S.D.N.Y. 1969), aff'd, 425 F.2d 842 (2d Cir. 1970); <u>Trussell v. United Underwriters, Ltd.</u>, 228 F. Supp. 757, 762, 773 (D. Colo. 1964); <u>Meisel v. North Jersey Trust Co.</u>, 218 F. Supp. 274, 278 (S.D.N.Y. 1963); <u>Cochran v. Channing Corp</u>, 211 F. Supp. 239, 243 (S.D.N.Y. 1962).

37.     Fox's actions violated Rule 10b-5 and harmed the Plaintiffs by providing Plaintiffs with misleading information in April 2017.

**PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY**

      The Plaintiffs' demand,

1. Judgment on Count I and II;
2. Interest;
3. An award in excess of ($300,000.00).
4. Attorneys Fees;

5. Punitive damages; and,
6. Any other relief this Court deems just and equitable.

                                       BREATHE LLC, TYLER GLOVER and
                                       VESSLAR GLOBAL PARTNERS LLC

                                       _____
                                       Christopher L. Brown
                                       CB-3465
                                       Brown & Rosen LLC
                                       Attorneys At Law
                                       100 State Street, Suite 900
                                       Boston, MA 02109
                                       617-728-9111 (T)
October 19, 2017                    cbrown@brownrosen.com

# EXHIBIT 1

http://www.whitefoxventures.com/press-releases/2016/05/27/breathe-ecig-corp-change-name-white-fox-ventures-inc-board-directors-approves-1001-reverse-split/

# Breathe ECig Corp. to Change its name to White Fox Ventures, Inc., Board of Directors Approves a 100:1 Reverse Split

May 27, 2016

NEW YORK, NY– (Marketwire – May 27th, 2016) – Breathe Ecig Corp. (OTCQB: BVAP) ("Breathe" or "the Company"), a U.S. publicly traded company, today announced the decision recently ratified by its Board of Directors ("Board") to officially change its name to "White Fox Ventures Inc." ("WhiteFox" or "WFV") to better reflect the new direction of the business. Simultaneously the Company will shortly file with FINRA requesting a new "ticker symbol" as well as a 100:1 Reverse Stock Split designed to improve the capital structure of the Company.

The Company's new core focus is the establishment of business academies throughout Japan. The Company is launching its operations throughout Japan: Sapporo, Sendai, Tokyo, Matsumoto, Nagoya, Osaka, Okoyama, Kumamoto and Fukuoka. The Company also plans to launch its academy via online throughout Japan.

WhiteFox is currently developing its online proprietary application to be exclusively utilized by its academy members. This application shall be available for direct downloading onto smartphones, such as: IPhones, Android as well as IOS and Tablet devices. The Company expects to launch this application sometime during Autumn of 2016 (4th Quarter, 2016).

The Company is currently evaluating possible investment banking relationships in Japan as well as in New York for the purpose of securing additional working capital and further corporate advice. Management expects to start generating revenue by Q4 2016.

Breathe's CEO Mr. Shinsuke Nakano expressed, "WhiteFox Ventures is building a solid future for shareholders by establishing a strong corporate team focused on both the Company's product offering as well as multi faceted support for such offerings. The management team is excited about its ongoing transition as a Publicly Traded Company and will do their best to achieve

profitability and maintain stable growth as soon as possible. The Company will continue to update shareholders about important progress being realized."

**DISCLAIMER — Caution Concerning Forward Looking Statements**

This press release contains statements that are "Forward-Looking" in nature (within the meaning of the Private Securities Litigation Reform Act of 1995, Section 27A of the Securities Act of 1933, as amended, and Section 21E of the Securities Exchange Act of 1934, as amended). All statements regarding the Company's financial position, potential, business strategy, plans and objectives for future operations are Forward-Looking statements. Many of these statements contain words such as "hopefully," "attempt," "goal," "aims," "may," "expect," "believe," "intend," "anticipate," "estimate," "continue," "would," "exceed," "should," "steady," "plan," "potential," "dramatic," and variations of such words and similar expressions identify Forward-Looking statements, but their absence does not mean that a statement is not a Forward-Looking statement. Because Forward-Looking statements involve future risks and uncertainties, there are many factors that could cause actual results to differ materially from those expressed or implied. The Company cannot predict the actual effect these factors will have on its results and many of the factors and their effects are beyond the Company's control. Any forward-looking statement made by the Company speaks only as of the date on which it is made. The Company is under no obligation to, and expressly disclaims any obligation to, update or alter its forward-looking statements, whether as a result of new information, subsequent events or otherwise. Given these uncertainties, you should not rely on these forward-looking statements.

For further information regarding these and other risks related to Breathe eCigs business, investors should consult Breathe eCigs' filings with the Securities and Exchange Commission, available at http://www.sec.gov.

**Contact:**

For Japanese Investors:

Mr. Takehiro Abe
Chief Operating Officer
Tel: +81 (0) 3-5544-8214
Email: Tabe@whitesoxventures.com

For United States & International Investors:

Mr. Seth M. Shaw, CFO
Email: sshaw@whitefoxventures.com
Tel: +1-917-796-9926