USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/17

# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
617-695-3202 (F)
www.brownrosen.com

November 22, 2017

Fax Only at 212-805-6382
Hon. Judge Marrero
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**Case Name:** Breathe LLC et al v. White Fox Ventures, Inc. et al
**Case Number:** 1:17-cv-00367-VM

Dear Hon. Judge Marrero:

  This office is counsel to the Plaintiffs in this matter. Pursuant to your Individual Part Rules, Plaintiffs files this letter seeking to sanction White Fox Ventures, Inc. ("Fox") for the willful spoliation of evidence and request judgment on all of Plaintiffs' claims and/or to have Fox's pleadings and affirmative defenses stricken.

  Spoliation is the destruction or alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Travelers Indemnity Co., v. CC Controlled Combustion, 2003 NY Slip Op. 51430(U). In New York, the duty of a party to preserve evidence, and the exposure of that party to statutory (CPLR 3126) or common law sanctions for failing to do so is well established. MetLife Auto & Home v. Basil Chevrolet, 303 AD2d 30 (4th Dept. 2002) (citations omitted). Penalties for a refusal to comply with disclosure requests are provided for in section CPLR 3126 which provide for such sanctions as:

a) resolving the matter against the party who destroyed or failed to preserve the evidence;
b) prohibiting the opposing party from supporting or opposing claims based on such spoliated evidence;
c) striking the pleadings of the disobedient party.

  Spoliation of evidence is an act that is prohibited by Rule 37 of Federal Rules of Civil Procedure. Determination of the appropriate sanction for spoliation, is confined to the sound discretion of the court and the statute's proposed penalties were not intended to be exhaustive. DiDomenico v. C&S Aeromatik Supplies, Inc., 252 AD2d 41,49

(2d Dept. 1998). Even if the evidence in question was altered or destroyed before the alleged spoliator became a party, sanctions may be appropriate if it was on notice that the evidence in question might be needed for future litigation. Langer v. Well Done, Ltd., 11 Misc.3d 1056(A), 815 NYS2d 494, 2006 WL 462125, Sup. Ct., Nassau Co.,1/31/06) [plaintiff's loss of oven cleaner deprived the defendant manufacturer of its ability to confront the plaintiff's product liability claim with incisive evidence - complaint dismissed].

Spoliation sanctions are not limited to cases where the evidence was altered or destroyed willfully or in bad faith since a party's negligent loss, destruction or alteration of evidence can be just as damaging to another party's ability to present a case or defense. *Id, see also*, Mudge, Rose, Guthrie, Alexander & Ferdon v. Penguin Air Cond. Corp., 221 AD2d 243 (1st Dept. 1995) [dismissal of complaint warranted where plaintiff negligently lost key item of evidence before defendants could examine it]. In McRae v. Lackman Culinary Services, Inc., (236 NYLJ Sup. Ct. Nassau Co., 11/6/06), the court granted the plaintiff's application to Strike the defendant's Answer and affirmative defenses. In Molinari v. Smith, ( 236 NYLJ, Sup. Ct., Richmond Co., 8/25/06 ), the court struck the defendant's Answer and affirmative defenses upon re-argument as a sanction for spoliation of evidence.

Mr. Shaw's deposition testimony indicates that Fox must attempt to sell the inventory (which Mr. Shaw's testimony and the records establish the inventories wholesale value in excess of $500,000.00) and provide half of the funds to the Plaintiffs. The inventory was to be destroyed if it was not sold before April 1, 2017 per agreement. Inexplicably, Fox destroyed 5.6 Tons of e-cigarettes inventory on March 6, 2017 (this action was filed in January 2017), in violation of the terms of the Settlement Agreement and after this action was instituted. Plaintiffs never had an opportunity to inspect the inventory. Plaintiffs' request that judgment be entered against Fox on all of Plaintiffs' claims and/or that Fox's pleadings and affirmative defenses be stricken.

By: _____
Christopher L. Brown

Cc:   Ira Greenberg, Esq via email
      Seth Shaw, via email

The parties are directed to address the matter set forth above to Magistrate Judge Sarah Netburn, to whom this dispute has been referred for resolution.

SO ORDERED.

11-28-17
Date

VICTOR MARRERO, U.S.D.J.

2