

Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Ira G. Greenberg
Direct Telephone: 212-912-2756
Direct Fax: 888-325-9157
ira.greenberg@lockelord.com

November 28, 2017

**VIA ECF AND FIRST-CLASS MAIL**
Hon. Sarah Netburn
United States Magistrate Judge
40 Centre Street
New York, NY  10007

      Re:    <u>Breathe, LLC v. White Fox Ventures, Inc.</u>, No. 17 Civ. 367 (VM) (SN)

Dear Judge Netburn:

We respond on behalf of defendant White Fox Ventures, Inc. to plaintiffs' letter dated November 22 requesting sanctions, including striking White Fox Ventures' pleadings and entering judgment adverse to it, for alleged spoliation of evidence. At Judge Marrero's direction, I am sending you a courtesy copy of this letter. I am also filing it on ECF. Not surprisingly White Fox Ventures opposes this latest application.

The assertion is that White Fox Ventures should not have destroyed certain e-cigarette inventory. The relevant agreement [exhibit 2 to the original complaint] provided that White Fox Ventures could destroy that inventory, which by the time of its destruction had become worthless. Given the language of the agreement, which required the parties to engage in "joint" efforts to sell the inventory, if it were to be sold at all, plaintiffs could have come at any time before its destruction if they had wanted to inspect it. Plaintiffs' assertion that they had no opportunity to inspect the inventory is thus plainly wrong, and the "error" is particularly egregious in light of the fact that plaintiffs' letter application notes that this action had been pending for over a month at the time of the destruction. Alternatively, plaintiffs could have given White Fox Ventures notice that they wanted the inventory preserved, either before or after institution of this action, in which case White Fox Ventures could either have arranged for a prompt inspection or moved the Court for relief (including the requirement that plaintiffs pay for the inventory's storage). Plaintiffs did neither.

Plaintiffs' position also fails for another reason. Plaintiffs never sought an inspection of the inventory; they did not designate an expert to inspect and testify about the value of the inventory; and, as discovery is closed, plaintiffs would not now able to demand an inspection of the inventory or to subpoena the inventory for production at any trial. Thus, it would not matter at this stage even if the inventory still existed.

AM 67581142.1

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles
Miami | Morristown | New Orleans | New York | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

The explanation for plaintiffs' inaction is not hard to deduce: They sought only liquidated damages (actually, a penalty, as White Fox Ventures has shown in connection with the cross-motions for summary judgment motions pending before Judge Marrero). Thus, the actual state of the inventory was of no moment to plaintiffs until their most recent amendment to their complaint. The request to terminate the litigation in their favor based on the "spoliation" of obsolete inventory is significant, not for the reasons that plaintiffs suggest, but only because it speaks loudly to plaintiffs' assessment of the merits of the summary judgment motions.

Respectfully,

Ira G. Greenberg

cc: Christopher Brown, Esq. (via ECF)
    Mr. Seth Shaw (via email)

AM 67581142.1