# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
617-695-3202 (F)
www.brownrosen.com

November 28, 2017

Netburn_NYSDChambers@nysd.uscourts.gov
Hon. Judge Netburn
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**Case Name:**   Breathe LLC et al v. White Fox Ventures, Inc. et al
**Case Number:** 1:17-cv-00367-VM

Dear Hon. Judge Netburn:

This office is counsel to the Plaintiffs in this matter.   I write today to address the letter from White Fox Ventures, Inc. ("Fox") dated November 28, 2017 in regards to the spoliation of evidence committed by Fox. Plaintiffs' initial letter dated November 22, 2017 was responded to by Fox on November 27, 2017.  Fox's letter today, mandates a response.

The letter from Fox fails to address the actual facts in regards to the willful and intentional spoliation of the inventory.  The facts are as follows:

1. January19, 2017-this action is filed.
2. February 24, 2017- Fox is served with the Summons and Complaint.
3. **March 6, 2017-Fox destroys the inventory.**
4. March 13, 2017- Fox files an Answer to the Complaint.

The record is clear that Fox destroyed the inventory in violation of the Settlement Agreement (mandating destruction on April 1, 2017-however as the testimony of Mr. Shaw indicated, the parties agreed to extend the date to December 2017. Plaintiffs' do not dispute Mr. Shaw's testimony on this matter) and before Fox filed an Answer in this Complaint. Plaintiffs has no reason to know or believe that Fox would engage in such actions.  The Plaintiffs' learned of the spoliation after the evidence was destroyed, hence requesting an inspection once discovery actually began in the summer of 2017 would not have brought the evidence back. Fox's actions were intentional and designed to hinder Plaintiffs' in the prosecution of this action.

Even more important, the Federal Rules of Civil Procedure mandates that evidence be preserved. Fox had a duty to preserve the evidence and failed to do so.  Fox could have informed the Plaintiffs' of its intent to destroy the inventory on March 6, 2017 but Fox did not engage in any dialogue on this issue as it would have been a violation of the Settlement Agreement and Plaintiffs' would have learned of the actions much earlier.

In <u>Mastercard International, Inc. v. Moulton</u>, 2004 WL 1393992 (S.D.N.Y. June 22, 2004), the court imposed sanctions on defendants for failing to preserve e-mails that were automatically destroyed by a computer server in the ordinary course of business. The court found that the failure to cease the customary destruction of e-mail practices in effect prior to the litigation was a breach of the duty to preserve evidence and sanctioned the defendants by granting an adverse influence jury instruction.   Fox had a duty to preserve the evidence.

The Plaintiffs' has no reason to know or believe that Fox would destroy the evidence on March 6, 2017 before filing its Answer to the Complaint.  Plaintiffs' request that judgment be entered against Fox on all of Plaintiffs' claims and/or that Fox's pleadings and affirmative defenses be stricken.

By: _____ _____

Christopher L. Brown

Cc:    Ira Greenberg, Esq via email
       Seth Shaw, via email

2